Dear Mr. Riley:
In your recent correspondence, you state that you currently serve as Justice of the Peace in Ward Four of Evangeline Parish. You ask this office to advise if you may serve as a member of the Evangeline Parish Library Board of Control while at the same time holding the elective office of justice of the peace.
Applicable here are the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., the state law which sets forth certain prohibited combinations of public office and/or public employment. A legal analysis relative to the dual officeholding and dual employment provisions first requires a determination as to the types of positions held. This categorization is important because the statutory prohibitions contained in La.R.S. 42:63 apply to a person holding certain combinations of "elective office", "appointive office", and "employment" as those terms are specifically defined by La.R.S. 42:62.
A justice of the peace holds elective office for purposes of the dual officeholding law.[1] The position of member of the Evangeline Parish Library Board of Control is considered an appointive office for purposes of the dual officeholding law.[2] A library board member holds his office on a part-time basis.[3] *Page 2 
For purposes of dual officeholding, a person holding the position of member of the parish library board of control holds an "appointive office" because this position is "specifically established . . . by the . . . laws of this state" under La.R.S. 25:214 and is "filled by appointment or election by . . . a governmental body . . . of a political subdivision." Pursuant to statute, the Evangeline Parish Police Jury makes appointments to the library board of control, pursuant to La.R.S.25:214(B).[4]
The prohibition of the dual officeholding law of potential concern in this matter is La.R.S. 42:63(D), providing in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . .
[Emphasis added] *Page 3 
We note that while La.R.S. 42:63(D) prohibits on from holding at the same time local elective office and full-time appointive office, La.R.S.42:63(D) does not prohibit the concurrent holding of local elective office and part-time appointive office. Thus, it is the opinion of this office that La.R.S. 42:63(D) would not prohibit you from serving as elected justice of the peace and at the same time holding the part-time appointive office of member of the parish library board of control.
The above discussion is limited to an examination of the dual officeholding provisions and does not address any provisions of the Code of Judicial Conduct which may be applicable in this matter. The Code of Judicial Conduct is binding on all judges, including justices of the peace. See In re Adams, 959 So.2d 474 (La. 2007). The Canons of the Code of Judicial Conduct control over the provisions of the dual officeholding law and may prevent a justice of the peace from holding another office or employment which is not prohibited by the dual officeholding law. For example, as already noted above, La.R.S. 42:63(D) does not prohibit an elected official from holding a part-time appointive office; however, the Judiciary Commission has ruled that a justice of the peace may not also hold the part-time appointive office of deputy sheriff. See In reMcInnis, 769 So.2d 1186 (La. 2000).
As a justice of the peace, you are governed by the Code of Judicial Conduct. We suggest you consult with the Louisiana Supreme Court Committee on Judicial Ethics prior to accepting any additional position of public office or public employment. The committee may be contacted at 400 Royal Street, Suite 1190, New Orleans, LA 70130, phone 504-310-2550. Further, questions concerning "conflicts of interest" under the Code of Governmental Ethics, La.R.S. 42:1111, et seq., are addressed by the Louisiana State Board of Ethics. The Board may be contacted at P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(1) defines "elective office" as "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof."
[2] La.R.S. 42:62(2) defines "appointive office" to mean "any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
[3] Full-time and part-time are terms defined by La.R.S. 42:62(4) and (5), stating:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the hours of work defined in this Section as full-time.
[4] La.R.S. 25:214(B) provides:
§ 214. Board of control; members; appointment and terms of office
 * * *
The governing authority of the parish shall, in the ordinance creating a public library, name and appoint, at its option, not less than five citizens nor more than seven citizens of the parish as a board of control fro such parish library to serve for terms of one, two, three, four, and five years, the successors of whom shall each be appointed for a term of five years. The president of the police jury shall be ex officio a member of the board of control for such public library, provided however that the president of the police jury shall have the right to designate another member of the governing authority of the parish to serve in his place and stead on the board of control of such public library.